**EXHIBIT E**
**(Second Amended Complaint and Jury Demand)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-02230-MEH

JANET CHI, individually and on behalf of minor child, J.C.,
DAVID CHI, individually and on behalf of minor child, J.C.,
<u>WEN-CHENG CHI</u>,
<u>SHIU-SHIA WU</u>,
SHASHI RAJYAGOR, individually and on behalf of minor children, A.R. and S.R.,
DIVYESH RAJYAGOR, individually and on behalf of minor children, A.R. and S.R.,
NEAL LOY,
BRIENNE LOY,
ANTERIO KITTRELL, and
JOELLA KITTRELL,

   Plaintiffs,

v.

WEYERHAEUSER COMPANY and WEYERHAEUSER NR COMPANY,

   Defendants.

## **<u>SECOND</u> AMENDED COMPLAINT AND JURY DEMAND**

   Plaintiffs, Janet Chi, David Chi, Janet and David Chi on behalf of their minor child, J.C., Wen-Cheng Chi, Shiu-Shia Wu, Shashi Rajyagor and Divyesh Rajyagor, Shashi and Divyesh Rajyagor on behalf of their two minor children A.R. and S.R., Neal Loy, Brienne Loy, Anterio Kittrell and Joella Kittrell (hereinafter collectively "Plaintiffs"), by and through their attorneys, The Nelson Law Firm, LLC, complain as follows against the Defendants, Weyerhaeuser Company and Weyerhaeuser NR Company (collectively referred to as "Weyerhaeuser"):

## **PARTIES**

1.      Plaintiffs Janet and David Chi, Janet and David Chi on behalf of their minor child J.C., Shiu-Shia Wu, and Wen-Cheng Chi (hereinafter collectively the "Chis" and individually by name) at all times material to this Complaint were residents of Arapahoe County, Colorado.

2.      Plaintiffs Shashi and Divyesh Rajyagor and Shahi and Divyesh Rajyagor on behalf of their two minor children, A.R. and S.R., (hereinafter collectively the "Rajyagors" and individually by name) at all times material to this Complaint were residents of Arapahoe County, Colorado

3.      Plaintiffs Neal and Brienne Loy (hereinafter collectively the "Loys" and individually by name) at all times material to this Complaint were residents of Arapahoe County, Colorado.

4.      Plaintiffs Anterio and Joella Kittrell (hereinafter collectively the "Kittrells" and individually by name) at all times material to this Complaint were residents of Arapahoe County, Colorado.

5.      Defendant Weyerhaeuser Company (hereinafter "Weyerhaeuser"), at all times material to this Complaint, was a foreign corporation registered in, and organized under the laws of, the State of Washington with a registered agent located at 220 Occidental Ave., Seattle, WA 43120. Weyerhauser was and is in the business of designing, manufacturing, marketing, selling, and distributing engineered lumber products for commercial use throughout the United States, including within the State of Colorado.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Weyerhaeuser because: (a) it is located in the State of Colorado; (b) it did business in the State of Colorado at times material to this action; (c) it purposefully availed itself of the rights and privileges of the State of Colorado at times material to this action; and/or (d) it committed the tortious or other wrongful acts and omissions described in this Complaint, with resulting, injury, damages, loss or other consequences in the State of Colorado.

7. This Court has subject matter jurisdiction over this matter and the controversies described herein.

## GENERAL ALLEGATIONS

8. Plaintiffs' claims in this matter arise out injuries, damages, and losses resulting from defectively designed and/or manufactured products produced by Weyerhaeuser.

9. Weyerhaeuser is in the business of, among other things, designing, manufacturing, selling, and distributing engineered lumber products for use in the construction of residential housing.

10. One of the products Weyerhaeuser has designed, manufactured, sold, and distributed is what it refers to as "TJI Joists with Flak Jacket Protection" (hereinafter the "Joists").

11. Weyerhaeuser sold and distributed Joists in the State of Colorado for use by homebuilders in new residential construction.

12. The Joists are what form the foundation for the floor of a structure, such as a residential dwelling. According to Weyerhaeuser, the Joists "are a key part of making a high-performance floor" and combine "the industry's leading I-joist brand with a proprietary, factory-

applied coating that enhances the joist's fire resistance and enables them to meet one- and two-family fire protection code requirements."

13. The Joists were designed to be fire retardant and manufactured using harmful chemicals including, but not limited to, formaldehyde. It is widely known through medical research that exposure to certain levels of formaldehyde, which is a known carcinogen, causes a multitude of negative health effects, spontaneous abortion, congenital malformations, and premature birth, as well as increased risk of cancer.

14. On or about May 30, 2017, Mr. and Mrs. Chi purchased a newly constructed home located at 8052 S. Valleyhead Way in Aurora, Colorado. The home was constructed using the Joists. The Chis moved into the home on or about May 30, 2017.

15. On or about July 13, 2017, Mr. and Mrs. Rajyagor purchased a newly constructed home located at 6755 South Robertsdale Way in Aurora, Colorado. The home was constructed using the Joists. The Rajyagors moved into the home on or about July 13, 2017.

16. On or about June 21, 2017, the Loys purchased and moved into a newly constructed home located at 670 E. Dry Creek Pl. in Littleton, Colorado. The home was constructed using the Joists.

17. The Kittrells entered into a contract to purchase a newly constructed home located at 7820 S. Blackstone Pkwy in Aurora, Colorado. The home was constructed using the Joists. The Kittrells were supposed to close on their new home on September 5, 2017, however due to the Joists being present in the home, the closing has been delayed indefinitely.

18. With the exception of the Kittrells, upon moving into their respective homes, Plaintiffs all immediately began suffering from burning and watering eyes, nose bleeds, sore

throats, headaches, and other various health symptoms consistent with exposure to high concentrations of formaldehyde. None of the Plaintiffs had suffered from any of the aforementioned health conditions prior to moving into their new home.

19. Plaintiff Janet Chi was five-weeks pregnant at the time she moved into her new home and began being exposed to extremely high concentrations of formaldehyde from the off-gassing Joists. After living in the home for approximately five weeks, when Mrs. Chi was ten-weeks pregnant, her physician informed her the embryo had ceased developing; Mrs. Chi was forced to undergo a dilation and curettage operation where her cervix was opened up and the embryo removed.

20. The Plaintiffs were notified that there was a problem with the Joists in the homes and that the Joists were off-gassing harmful levels of formaldehyde, making it unsafe to remain in the homes. With the exception of the Kittrells, Plaintiffs were told to evacuate their homes and seek alternative housing elsewhere, which they did.

21. On July 18, 2017, Weyerhaeuser issued a written statement announcing its admission that all of the Joists manufactured after December 1, 2017 are defective.

22. Weyerhaeuser knew or should have known the Joists were designed and/or manufactured in such a manner that would make them unreasonably dangerous for use in new residential construction, such as Plaintiffs' homes.

23. Weyerhaeuser had knowledge the Joists used in Plaintiffs' homes were defective and unreasonably dangerous prior to Plaintiffs purchasing and moving into the homes.

24. Despite having had knowledge of the defective and unreasonably dangerous condition of the Joists, Weyerhaeuser failed to warn or notify Plaintiffs of the defective and

unreasonably dangerous condition of the Joists prior to Plaintiffs purchasing and moving into the homes.

25. Weyerhaeuser's actions and inactions constitute a willful and wanton disregard for the rights and safety of Plaintiffs.

26. Plaintiffs have lost the use and enjoyment of their homes for an indefinite amount of time and are being forced to reside in temporary housing, causing significant strain on their personal lives and occupations.

27. The value of Plaintiffs' respective homes have been severely negatively impacted.

28. As a direct result of Weyerhaeuser's actions and inactions, Plaintiffs have sustained, among other things, bodily injuries, emotional distress, lost income, loss of the use and enjoyment of their homes, damage to real and personal property, and diminution in the value of their homes and property.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability)**

29. Plaintiffs hereby incorporate the foregoing paragraphs herein.

30. The Joists have a defective condition unreasonably dangerous to consumers, including Plaintiffs.

31. The Joists were expected and did reach Plaintiffs without substantial change in that condition

32. The defect of the Joists has caused Plaintiffs to suffer injuries, harms, and losses.

33. Weyerhaeuser designed, manufactured, sold, and distributed the Joists and is engaged in the business of the same.

34. Weyerhaeuser is liable as a product manufacturer pursuant to the Colorado Product

Liability Act, C.R.S. §13-21-401 and §13-21-401.

35. As a result of the defective Joists, Plaintiffs have sustained, among other things, bodily injuries, emotional distress, lost income, loss of the use and enjoyment of their homes, damage to real and personal property, and diminution in the value of their homes and property, the value of which shall be determined at trial.

## SECOND CLAIM FOR RELIEF
**(Negligence)**

36. Plaintiffs hereby incorporate the foregoing paragraphs herein.

37. Weyerhaeuser owed Plaintiffs a duty to act reasonably in the design, manufacture, and sale of the Joists.

38. Weyerhaeuser breached its duty to Plaintiffs when it designed, manufactured, and sold the Joists in a defective condition unreasonably dangerous to Plaintiffs.

39. As a result Weyerhaeuser's breach of its duty to Plaintiffs, Plaintiffs have sustained, among other things, bodily injuries, emotional distress, lost income, loss of the use and enjoyment of their homes, damage to real and personal property, and diminution in the value of their homes and property, the value of which shall be determined at trial.

## THIRD CLAIM FOR RELIEF
**(Negligence *per se*)**

40. Plaintiffs hereby incorporate the foregoing paragraphs herein.

41. Weyerhaeuser designed, manufactured, sold, and distributed Joists which were not reasonably safe as designed and manufactured.

42. Weyerhaeuser had a duty to comply with all statutory and regulatory provisions that pertained or applied to the design, manufacture, sale, and distribution of the Joists including, but no limited to those promulgated by the U.S. Agency for Toxic Substances and Disease Registry

and the U.S. Centers for Disease Control and Prevention.

43. Plaintiffs are among the class of persons designed to be protected by the statutory and regulatory provisions pertaining to Weyerhaeuser's design, manufacture, sale, and distribution of the Joists.

44. Weyerhaeuser breached its duty to Plaintiffs and was negligent in its design, manufacture, sale, and distribution of the Joists as the Joists off-gassed concentrations of formaldehyde above and beyond the levels considered to be safe for humans.

45. As a result Weyerhaeuser's negligence, Plaintiffs have sustained, among other things, bodily injuries, emotional distress, lost income, loss of the use and enjoyment of their homes, damage to real and personal property, and diminution in the value of their homes and property, the value of which shall be determined at trial.

### FOURTH CLAIM FOR RELIEF
**(Breach of Warranty)**

46. Plaintiffs hereby incorporate the foregoing paragraphs herein.

47. Weyerhaeuser owed Plaintiffs the implied warranties of merchantability and fitness for a particular use in its design, manufacture, sale, and distribution of the Joists as the Joists.

48. The defective Joists would not pass without exception in the trade or industry and therefore constitute a breach of the implied warranty of merchantability.

49. The defective Joists were not fit for the intended uses and purposes of new residential construction.

50. As a result Weyerhaeuser's breaches of warranties, Plaintiffs have sustained, among other things, bodily injuries, emotional distress, lost income, loss of the use and enjoyment of their homes, damage to real and personal property, and diminution in the value of their homes

and property, the value of which shall be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

51. Plaintiffs hereby incorporate the foregoing paragraphs herein.

52. Weyerhaeuser was negligent.

53. Weyerhaeuser's negligence caused an unreasonable risk of physical harm to Plaintiffs.

54. Weyerhaeuser's negligence caused Plaintiffs to be put in fear for their own safety and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar immediate emotional distress.

55. Plaintiffs' fear caused them injuries, damages and losses, the value of which shall be proven at trial.

## SIXTH CLAIM FOR RELIEF
### (Violation of Colorado Consumer Protection Act)

56. Plaintiffs hereby incorporate the foregoing paragraphs herein.

57. Weyerhaeuser was subject to the provisions of the Colorado Consumer Protection Act, C.R.S. §6-1-105 *et seq*.

58. Weyerhaeuser engaged in deceptive trade practices, as defined Colorado Consumer Protection Act, C.R.S. §6-1-105 *et seq*., when it designed, manufactured, marketed, sold, and distributed the Joists in a defective condition unreasonably dangerous to Plaintiffs, despite its having knowledge of the same.

59. The deceptive trade practices include, but may not be limited to:

- Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property;

10

- Representing that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, when it knew or should have known that they are of another; and

- Failing to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale with the intent to induce the consumer to enter into a transaction.

60. The deceptive trade practices occurred in the course of Weyerhaeuser's business.

61. The deceptive trade practices significantly impacted the public as actual or potential consumers of Weyerhaeuser's goods, services, or property, including the Joists.

62. Plaintiffs were actual consumers of Weyerhaeuser's goods, services, or property, including the Joists.

63. As a result Weyerhaeuser's deceptive trade practices, Plaintiffs have sustained, among other things, bodily injuries, emotional distress, lost income, loss of the use and enjoyment of their homes, damage to real and personal property, and diminution in the value of their homes and property, the value of which shall be determined at trial.

### SEVENTH CLAIM FOR RELIEF

### (Exemplary / Punitive Damages, pursuant to C.R.S. § 13-21-102 *et seq.*)

64. Plaintiffs hereby incorporate the foregoing paragraphs herein.

65. The injuries, damages, harms, and losses complained of herein were attended by circumstances of fraud, malice, or willful and wanton conduct.

66. Weyerhaeuser's conduct which was the proximate cause of the injuries, damages, harms, and losses complained of herein was purposefully committed.

67. <u>Weyerhaeuser's conduct created substantial risk of harm to others, including Plaintiffs, and was purposely performed with an awareness of the risk and disregard of the consequences.</u>

68. <u>Weyerhaeuser realized its conduct was dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly Plaintiffs.</u>

69. <u>As a result of Weyerhaeuser's conduct and the injuries, damages, harms, and losses it caused, Plaintiffs are entitled to an award of exemplary / punitive damages in an amount to be determined at trial.</u>

70.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment enter against Defendant on their behalf and as applicable to the separate claims made against Defendant:

1. For Plaintiffs' actual damages, interest as permitted by law from the date of occurrence to the date of entry of judgment, as well as post-judgment interest until paid;

2. For all bodily injuries, emotional distress, lost past and future income, loss of the use and enjoyment of their homes, damage to real and personal property, and diminution in the value of their homes and property;

3. For any statutory damages and penalties provided by law<u>, including exemplary / punitive damages</u>;

4. For moratory damages; and

5. For any other damages and remedies the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY A JURY OF ALL ISSUES SO TRIABLE**

Dated this 24th day of January, 2019.

                                                  Respectfully Submitted,

                                                  */s/ Mark W. Nelson*

                                                  Mark W. Nelson, #27095
                                                  Wyatt M. Cox, #46679
                                                  Colleen S. Nelson, #36942
                                                  1740 High Street
                                                  Denver, Colorado 80218
                                                  Telephone: 303-861-0750
                                                  Facsimile: 303-861-0751
                                                  mark@nelsonlawfirm.net
                                                  wyatt@nelsonlawfirm.net
                                                  colleen@nelsonlawfirm.net
                                                  ATTORNEY FOR PLAINTIFFS

Plaintiffs' Addresses:

Chis:
8052 South Valleyhead Way
Aurora, Colorado 80016

Rajyagors:
6755 S Roberstdale Way
Aurora, Colorado 80016

Loys:
670 E. Dry Creek Place
Littleton, Colorado 80122

Kittrells:
7820 Blackstone Parkway
Aurora, Colorado 80016

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 24th, 2019, I electronically filed the foregoing with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Craig M. J. Allely, #17546
Daniel Graham, #45185
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
CAllely@perkinscoie.com
dgraham@perkinscoie.com

                    */s/ Ansley Smith*
                    Ansley Smith