IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02230-PAB-MEH

JANET CHI, individually and on behalf of minor child, J.C.,
DAVID CHI, individually and on behalf of minor child, J.C.,
WEN-CHENG CHI,
SHIU-SHIA WU,
SHASHI RAJYAGOR, individually and on behalf of minor children, S.R. and A.R.,
DIVYESH RAJYAGOR, individually and on behalf of minor children, S.R.and A.R.,
NEAL LOY,
BRIENNE LOY,
ANTERIO KITTRELL, and
JOELLA KITTRELL,

    Plaintiffs,

v.

WEYERHAUSER COMPANY, and
WEYERHAUSER NR COMPANY,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiffs' Motion to Withdraw Deemed Admissions and for Leave to Serve Responses [filed January 11, 2019; ECF No. 147]. The Court heard this matter in part on August 28, 2018. ECF No. 106. At that time, Plaintiffs' counsel essentially conceded that Plaintiffs submitted untimely responses to Defendant's[1] requests for admissions ("RFAs") served on Plaintiffs in this case. Tr. 4: 18-25, 5: 1-13, 17-cv-02224-PAB-MEH, ECF No. 98. The Court concluded that, since the parties had insufficient time to confer on the responses submitted, it was premature to rule on whether the challenged requests could be deemed admitted. *Id.* 16: 3-7, 21-24. The Court set the

---

[1] At all relevant times, including the briefing of this matter, Weyerhauser Company was the only named Defendant in this case.

matter for a further conference on September 10, 2018; however, the parties alerted the Court that "they ha[d] made progress in resolving their discovery dispute" and requested that the conference be vacated. ECF No. 110. The present motion followed four months later.

Plaintiffs contend that while they "failed to respond to the RFAs within 30 days" as set forth in Fed. R. Civ. P. 36(a), the rule also permits withdrawal of deemed admissions if no prejudice inures to the producing party. ECF No. 147 at 2-3. Plaintiffs assert that, since the deemed admissions would have a "catastrophic" effect on the Plaintiffs' claims and would cause no prejudice to Defendant here, where discovery has not closed and no trial date has been set, the Court should grant their request to withdraw the deemed admissions. *Id.*

Defendant counters that it would, in fact, suffer prejudice by withdrawal of the admissions in that Plaintiffs have provided contradictory and "confusing" discovery responses, but deeming the requests concerning Plaintiffs' damages admitted would alleviate any confusion and permit Defendant to prepare its expert reports within the current deadline. ECF No. 154 at 6-8. In addition, Defendant asserts that Plaintiffs overstate the effect of deeming the requests admitted, since the admissions simply "narrow the scope of damages" to which the Plaintiffs are purportedly entitled rather than destroy their claims altogether. *Id.* at 4-5.

Plaintiffs reply that they had submitted supplemental responses on February 1, 2019, which should alleviate any concerns raised by Defendant. ECF No. 159 at 2. They also contend that deeming admitted RFA 6 served on the Kittrells would "foreclose" "approximately 100% of their claimed damages";[2] RFAs 1, 2, 3, 5, and 6 served on David and Janet Chi would "severely and unjustly reduce[] their damages; RFA 3 served on Wen-Cheng Chi would result in "injustice"; RFAs

---

[2] Plaintiffs state, "[i]f certain of the Kittrells' deemed admissions are not withdrawn ...," but they identify only one, "RFA 6." *Id.*

2

2, 3, and 5 served on Shiu-Shia Wu and "J.C."would result in "injustice"; and, RFAs 2, 3, 4, and 5 served on the Loys would "foreclose" "25% of their economic damages" as well as their damages for physical and emotional injuries. *Id.* at 2-3.

Rule 36 provides that "[a] party may serve upon any other party a written request to admit" the truth of certain matters. Fed. R. Civ. P. 36(a)(1). If the receiving party fails to respond to the request within 30 days, or within such other time as the court may allow, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3).

Once a matter is admitted, it "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The court may permit such withdrawal or amendment "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*; *see also Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005). The first part of the test "emphasizes the importance of having the action resolved on the merits and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser*, 409 F.3d at 1246 (quoting *Perez v. Miami–Daid Cnty.*, 297 F.3d 1255, 1266 (11th Cir.2002)). Regarding the second part of the test, "[m]ere inconvenience does not constitute prejudice." *Id.* Rather, the prejudice "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)).

While both parties allege delay and other discovery "obstacles" against each other, the Court finds, in the end, that justice requires presentation of the merits of the claims in this case. With that said, the Court expresses its bewilderment that Plaintiffs failed to heed its admonition at the August

3

28, 2018 conference regarding the necessity to respond immediately to notice of a missed deadline, particularly in seeking leave to extend such deadline or, in this case, to seek withdrawal of deemed admissions. ECF No. 98, 6: 19-25, 7: 1-6; 9: 4-20. As stated above, the present motion was filed four months after the parties notified the Court they had essentially resolved the dispute and, although Defendant raised the timing of this motion in its response brief, Plaintiffs still failed to explain their inaction.

Nevertheless, and in accordance with Fed. R. Civ. P. 36(b), the Court finds no prejudice will inure to Defendant by withdrawing deemed admissions RFA 6 served on the Kittrells; RFAs 1, 2, 3, 5, and 6 served on David and Janet Chi; RFA 3 served on Wen-Cheng Chi; RFAs 2, 3, and 5 served on Shiu-Shia Wu and "J.C."; and, RFAs 2, 3, 4, and 5 served on the Loys. First, Defendant has had the opportunity to depose the Plaintiffs. Second, Defendant has neither rebutted the fact that Plaintiffs served supplemental responses in early February nor challenged such responses as insufficient. And, third, the March 18, 2019 expert witness deadline has come and gone with no word from Defendant as to whether it was unable to effectively disclose its expert witness(es). The discovery deadline is still almost two months away and, thus, sufficient time remains for any discovery into the requests for admission, if necessary. *See Raiser*, 409 F.3d at 1246 (prejudice results from the difficulty a party may face in proving its case). The Court presumes, based on Defendant's silence since its February 1, 2019 response, that it will require no additional time for discovery, but the Court would entertain any well-supported request.

In sum, the Court finds that withdrawal of deemed admissions 1-6 served on Borgmann and deemed admission 3 served on M.H. will promote the presentation of the merits of Plaintiffs' claims in this case. Accordingly, Plaintiffs' Motion to Withdraw Deemed Admissions and for Leave to Serve Responses [filed January 11, 2019; ECF No. 147] is **granted** as set forth herein.

SO ORDERED.

Dated this 2nd day of April, 2019, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge